No. 05-384

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 268N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

ALLISON CHAPMAN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DC 2004-05,
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Allison Chapman (*pro se*), Geraldine, Montana

    For Respondent:

        Hon. Mike McGrath, Montana Attorney General,
Mark W. Mattioli, Assistant Attorney General, Helena, Montana

        Stephen A. Gannon, Chouteau County Attorney,
Fort Benton, Montana

Submitted on Briefs:  September 13, 2006

Decided:  October 24, 2006

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document, its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Allison Chapman, *pro se*, appeals from the Judgment of Conviction and Sentencing Order entered by the District Court for the Twelfth Judicial District, Chouteau County, finding Chapman guilty of exceeding the daytime speed limit and speeding in a construction zone. Because Chapman failed to comply with the Montana Rules of Appellate Procedure, we dismiss this appeal with prejudice to the merits.

**Background**

¶3 On October 14, 2003, Chapman was cited for exceeding the daytime speed limit, a misdemeanor, in violation of § 61-8-303, MCA; speeding in a construction zone, a misdemeanor, in violation of § 61-8-314, MCA; failure to stop at a stop sign, a misdemeanor, in violation of § 61-8-344, MCA; and careless driving, a misdemeanor, in violation of § 61-8-302, MCA. Chapman was convicted of the two speeding offenses following a bench trial in justice court. After filing an appeal de novo in the District Court, Chapman was convicted by a jury of both offenses. She now appeals to this Court.

¶4 After filing a timely notice of appeal, Chapman filed a motion for payment of the trial transcript by the State asserting that she "does not have $400.00 at this time, and will

2

not have within the next two years or more." The District Court denied Chapman's motion. This Court subsequently denied Chapman's repetitive motions requesting payment of the transcript at the State's expense. We gave Chapman until August 31, 2005, to order the transcript. Chapman has not complied with our Order.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 Chapman has a duty to provide this Court "with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 9(a). This rule also provides that "[f]ailure to present the court with a sufficient record on appeal may result in dismissal of the appeal and/or the imposition of some other appropriate sanction." M. R. App. P. 9(a). Chapman did not supply this Court with a transcript of the District Court proceedings as part of her appeal, nor did she otherwise comply with M. R. App. P. 9.

¶7 Moreover, Chapman improperly relies on matters which are not part of the record below, and she fails to provide this Court "with citations to the authorities, statutes and pages of the record relied on" as required by M. R. App. P. 23(a)(4). As the State notes in its brief on appeal, "[i]t is the appellant's burden to establish error by a district court and such error cannot be established in the absence of legal authority." *State v. Bailey*, 2004 MT 87, ¶ 26, 320 Mont. 501, ¶ 26, 87 P.3d 1032, ¶ 26 (citing *State v. Clausell*, 2001 MT 62, ¶ 48, 305 Mont. 1, ¶ 48, 22 P.3d 1111, ¶ 48).

¶8     As a result of Chapman's failure to comply with the Montana Rules of Appellate Procedure, we are unable to address the merits of the arguments which she raises on appeal.  Therefore, this appeal is dismissed with prejudice to the merits.


/S/ JAMES C. NELSON


We Concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS